Parker, J.
The forthcoming bond in this case was dated the 1st day of November 1834, conditioned for the delivery of the property on the 3d monday of November next; and a question is made, whether the bond was forfeited by nondelivery of the property before the 3d monday in November 1835. If the instrument is to be construed secundum subjectam materiam and the evident meaning of the parties, (see Bac. Abr. Conditions. P.) there can be no difficulty on this point. The fi. fa. on which the property was taken, issued the 3d of October 1834, returnable to the 1st monday in December following. It was the duty of the sheriff to levy the execution and publish notice of the day of sale at the courthouse door of his county, and to make sale of the property unless the owner entered into a bond to *493 have the goods and chattels forthcoming on the day of sale. This day of sale must be taken to have been anterior to the return day of the execution ; for the sheriff is directed, if a forthcoming bond is given, to return it to the office from which the execution issued, on the return day thereof; and in this case it seems to have been actually so returned. He had no authority, under the law, to postpone the day of sale for more than 12 months after the levy, and for nearly 12 months after the return day of the execution ; and it would be preposterous to suppose that such was the meaning of the parties taking or giving a bond under the act of assembly respecting executions. As the property was to be delivered on the day appointed for the sale, and as that day was doubtless before the 1st monday in December 1834, “ the 3d monday in November next” must have meant the first or next 3d monday in November after the date of the bond. That similar words have received the same construction, in cases where the subject matter afforded no guide, and which were in other respects less strong than this, will be satisfactorily shewn by the president in the opinion he is about to deliver.
If the bond was forfeited the 3d monday in November 1834, a supersedeas obtained to the original judgment afterwards, would not preclude the party from his right to have execution awarded on the forthcoming bond, which is a bar to all proceedings on the former judgment, and has itself the force of a judgment; for if it did, the plaintiff would lose his damages on the aggregate amount of the forthcoming bond, which he is certainly entitled to on affirmance. The court of appeals has impliedly sanctioned the right of the plaintiff to have judgment entered on the forthcoming bond after a supersedeas to the first judgment, by awarding a second writ to the last judgment, instead of quashing it, or regarding it as a contempt of the order allowing *494 the supersedeas—as in the case of Monroe v. Webb’s ex'ors, 4 Munf. 73. and by extending the supersedeas first awarded, to the judgment subsequently obtained on the forthcoming bond, as in Bell v. Bugg, 4 Munf. 260.
But there is a further difficulty here. No writ of supersedeas was given in evidence in the court below. The supersedeas bond was produced, but that was not the best evidence of the fact to be proved. Nor will the implied admission of the judge that there was a supersedeas to the judgment, derived from his unofficial knowledge that the supersedeas had been tried and the judgment affirmed, serve to satisfy us of a fact which, if insisted on, ought to be established by legal evidence.
For these reasons, I am for affirming the judgment.
Tuckeu, P.
I am of opinion that the judgment in this case should be affirmed. The first error assigned is, that the motion was made while a supersedeas was depending in the court of appeals upon the original judgment, and that the court undertook to proceed upon its own unofficial information that the judgment had been affirmed. This objection involves two questions : 1. Is it true that the plaintiff cannot move for judgment on a delivery bond which was forfeited before the award of a supersedeas ? 2. Was there any legal evidence of the existence of the supersedeas ? Both questions must be answered in the negative. As to the first, the opinion of my brother Parlcer sufficiently disposes of it, and shews most clearly that the right to move on a forfeited forthcoming bond is not suspended by the pendency of" a supersedeas.
As to the second question, there is no legal evidence in the record that there had been a supersedeas to the original judgment. Had the matter been pleaded, the defendant must have verified his plea by the record shewing the emanation of tbe supersedeas. The supersedeas bond would not have sufficed. Now, though plead *495 ing was not required on this motion, the same proof was necessary as if the matter had been pleaded. It was not enough, according to the pretensions of the plaintiff in error himself, that the court had unofficial knowledge of the fact that there had been an award of a supersedeas. This court then cannot know of its existence, and must decide the case as if there were none. If so, there was no error in proceeding to act upon the motion.
As to the second error assigned: it is alleged, that the bond being dated November 1. 1834, and the condition being for the delivery of the property “ on the third monday in November next,” the time of delivery was in November 1835, and so the bond had not been forfeited at the date of the notice, which was given to April term 1835. This depends upon the construction of the bond: and happily we are relieved from any difficulty as to this sheer technicality by the decided cases. In Bac. Abr. Conditions. P. there are several cases. They have been all cited by the counsel of the plaintiff in error. In the first, the condition of an obligation was to deliver corn on the 29th of February next following the date. The following February had but 28 days, and it was decided that the obligor was not bound to deliver till leap year. Leonard 101. I should hesitate much before I should follow this judgment, even if it bore upon this case. The next case, from Cro. Jac. 646. is in point. The obligation was dated May 1. and the condition was to pay the 15th of May next ensuing: this, it was said, shall have relation to the day and not to the month, so as to be payable the 15th day of the same month, and not of “ May next come twelvemonth.” So where the bond bore date the 17th of November, and the condition was to pay £5. the 21st of November following, and £5. the 20th of December next after, it ■ was held that the words referred to the day and not to the month, and so the first £5. was payable 4 days af *496 ter date, instead of 12 months and 4 days. These cases would seem to be decisive. But two others have been cited, one from Cro. Jac. 677. and the other by the name of Kettle v. Jones, cited Bac. Abr. ubi supra. Both are identical, and the statement of one will therefore suffice. The condition of a bond dated 12th of May was to pay ¿£10. on the 13th of May next following. These words were said to have relation to the month and not the day, and so the bond was not payable till May twelvemonth. The court say, these contracts are to be construed secundum subjectam materiam and the meaning of the parties. And they probably considered this but as a form adopted for giving credit for a twelvemonth and a day. Be this as it may, if the rule that the meaning of the parties must govern be applied to our case, there can be no question. A sheriff levying an execution on the 1st of November, and taking a delivery bond, fixes the day of sale for “the third monday in November next.” Who can believe that the meaning of the parties was, that the sale was not to take place for 12 months ? Who can doubt that the real intention was to fix the day of sale for the third monday of that month in which the bond was dated, and that the error has arisen either from haste or from the clumsy style of some deputy sheriff? I cannot: and I am therefore of opinion that there is no error in the judgment.
The other judges concurred in affirming the judgment.